UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:   Case Number: 13-14059-13

MARGARET A. SANDERSON and
GREGORY L. SANDERSON,

        Debtors.

---

MINNESOTA DEPARTMENT OF
EMPLOYMENT AND ECONOMIC
DEVELOPMENT,

        Plaintiff,

        v.    Adversary Number: 13-209

GREGORY L. SANDERSON,

        Defendant.

---

## **DECISION ON SUMMARY JUDGMENT**

### **BACKGROUND**

The Defendant in this adversary proceeding, Debtor Gregory Sanderson, filed a voluntary Chapter 13 petition on August 15, 2013. His wife, Margaret Sanderson, is a co-debtor in the case. On October 29, 2013, the Minnesota Department of Employment and Economic Development (the "Department") filed an adversary complaint seeking a determination that debts for overpaid unemployment benefits, interest, and penalties owed by Mr. Sanderson are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(7).

Mr. Sanderson filed an answer on November 12, 2013, in which he acknowledges the debt owed to the Department, confirms the amount owed, and acknowledges the debt is nondischargeable. However, he asserts that he does "not owe and object[s] to paying the $293.00 filing fee" for the adversary proceeding. His answer also seeks dismissal of the adversary proceeding and payment of his costs. The Department filed a motion for summary judgment to which Mr. Sanderson submitted a brief response. The Department filed a reply.

The parties submitted a stipulation of facts agreeing that the sum of $5,123.20 is nondischargeable. This is also the amount of the Proof of Claim filed by the Department. In addition, the stipulation acknowledges that this amount is included in the Chapter 13 Plan as a priority obligation to be paid in full through the Plan. Rather than simply accepting the proposed plan payment or requesting that Mr. Sanderson stipulate that the obligation is nondischargeable, the Department elected to file an adversary proceeding and now seeks to add the filing fee to the amount that is nondischargeable.

## JURISDICTION

The federal district courts have "original and exclusive jurisdiction" over all cases under title 11 ("Bankruptcy Code" or "Code") and "original but not exclusive jurisdiction" over all civil proceedings that arise under the Bankruptcy Code or that arise in or are related to cases under the Code. 28 U.S.C. §§ 1334(a)-(b). The district courts may, however, refer such cases to the bankruptcy judges within their district. In the Western District of

Wisconsin, the district court has made such a reference. *See* Western District of Wisconsin Administrative Order 161 (July 12, 1984).

Accordingly, this Court "may hear and determine all cases under title 11 and all core proceedings under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Bankruptcy courts determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). Proceedings to determine the dischargeability of debts are core proceedings. 28 U.S.C. § 157(b)(2)(I). As such, this Court has both the jurisdiction and the authority to enter a final judgment in this matter.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 applies in bankruptcy through Bankruptcy Rule 7056. It states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, summary judgment should be granted when all that remains to be decided in a case is an issue of law. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2725 (3d ed. 1998). This is true when the parties agree on the facts, when the truth is clear, or when the moving party clearly demonstrates a right to judgment and that the opposing party cannot possibly prevail. *Id.* It is also true when the dispute only concerns facts that are not material to the outcome of the suit under governing law. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Donald v. Polk Cnty.*, 836 F.2d 376, 379 (7th Cir. 1988); *Wallace v. Greer*, 821 F.2d 1274, 1276 (7th Cir. 1987). A party opposing a motion for summary judgment cannot simply rely on statements in the pleadings or on conclusory allegations in an affidavit—it must present evidence that a material factual issue exists that must be decided at trial. *See Liberty Lobby, Inc.*, 477 U.S. at 248; *Patrick v. Jasper Cnty.*, 901 F.2d 561, 564-66 (7th Cir. 1990).

## DISCUSSION

### Dischargeability of Unemployment Benefits

The Department seeks a determination of nondischargeability under sections 523(a)(2) and (a)(7). As noted, Mr. Sanderson concedes the underlying debt is nondischargeable; however, he does not identify what paragraph of section 523 he believes applies. Despite Mr. Sanderson's concession, when the issue has been raised by a party in interest on summary judgment, the Court has an independent responsibility to verify that the debts in question are indeed nondischargeable.

Exceptions to discharge are to be constructed strictly against a creditor and liberally in favor of the debtor. *See Goldberg Sec., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir.1992). "Courts construe these exceptions narrowly, in favor of the debtor, bearing in mind the goal of bankruptcy law to give the debtor a fresh start." *Follett Higher Educ. Group., Inc. v. Berman (In re Berman)*, 629 F.3d 761, 765 (7th Cir. 2011). Debts will be discharged unless

proven nondischargeable by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287-88, 111 S. Ct. 654, 659-60, 112 L. Ed. 2d 755 (1991). The burden of proof is on the party seeking the exception to discharge. *Id.*

    A.    <u>11 U.S.C. § 523(a)(2)</u>

Section 523(a)(2) excepts from discharge "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

> (A)   false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; [or]
>
> (B)   use of a statement in writing—
>
>     i.    that is materially false;
>
>     ii.    respecting the debtor's or an insider's financial condition;
>
>     iii.    on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>
>     iv.    that the debtor caused to be made or published with intent to deceive . . . ."

11 U.S.C. § 523(a)(2). Section 523(a)(2) is phrased in the disjunctive, meaning that paragraphs (A) and (B) are two independent means by which debts may be excepted from discharge. *See Rutili v. O'Neill (In re O'Neill)*, 468 B.R. 308, 343 (Bankr. N.D. Ill. 2012) (noting that statements made orally and in writing implicate different paragraphs of section 523(a)(2)). Indeed, the two subsections are mutually exclusive. *Id.*

The Department neglected to specify which of the two subparagraphs of section 523(a)(2) it contends was violated by Mr. Sanderson's conduct. From the pleadings and evidence that have been presented, however, it is clear that section 523(a)(2)(A) is the appropriate basis for relief as to the actual amount of the overpayment and the accrued interest. *See Ill. Dep't of Emp't Sec. v. Winston (In re Winston)*, 114 B.R. 566, 569 (Bankr. N.D. Ill. 1990) (noting that an adversary complaint to except actual amount of overpaid unemployment benefits from discharge falls under section 523(a)(2)(A)); *In re O'Brien*, 110 B.R. 27, 32-33 (Bankr. D. Colo. 1990) (same).

To except the overpaid unemployment benefits from discharge under that section, the Department must establish the following elements: (1) that Mr. Sanderson obtained the money through representations which he either knew to be false or made with such reckless disregard for the truth as to constitute willful misrepresentation; (2) that he possessed scienter (i.e., an intent to deceive); and (3) that the Department actually relied on the false representation, and that its reliance was reasonable. *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985) (*abrogated on other grounds by Grogan*, 498 U.S. at 287-88, 111 S. Ct. 654); *Organic Family, LLC v. Pawlak (In re Pawlak)*, 467 B.R. 462, 469 (Bankr. W.D. Wis. 2012).

The Department's complaint states that on November 11, 2007, Mr. Sanderson applied for unemployment insurance benefits and that, on July 6, 2008, he began receiving payments. To continue receiving benefits, he was

required each week to certify by phone or "electronic transmission" that he was unemployed. On several occasions, Mr. Sanderson certified that he was unemployed when, in fact, he was not. On the basis of his certification, however, the Department continued to pay him benefits, which he apparently received and kept. This continued for a period of time until the Department ultimately investigated and concluded that Mr. Sanderson had been overpaid unemployment benefits as a result of his fraudulent misrepresentation of his employment status. Mr. Sanderson and his wife ultimately filed bankruptcy, and the Department filed this adversary proceeding against Mr. Sanderson.

Mr. Sanderson's answer concedes every allegation in the Department's complaint and disputes only whether or not an adversary proceeding was necessary to except the debt from discharge, and, as a result, whether the filing fee should also be excepted from discharge.[1]

In view of the circumstances, it is clear that the debt owed to the Department representing the actual amount of the overpaid unemployment benefits and accrued interest should be excepted from discharge under section 523(a)(2)(A), but only as to Mr. Sanderson. By continuing to accept unemployment benefit payments even after he lost eligibility, Mr. Sanderson

---

[1] The Court notes that pursuant to section 523(c)(1), the Department was, in fact, required to file an adversary proceeding in order to except the actual amount of the overpayment from discharge under section 523(a)(2). 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 7001(6), 7003; see In re Zolner, 249 B.R. 287, 290 (N.D. Ill. 2000); In re Donson, 434 B.R. 471, 472 (Bankr. S.D. Tex. 2010); In re Neal, 176 B.R. 30, 31 (Bankr. D. Idaho 1994).

repeatedly made intentional false representations. *See In re Winston*, 114 B.R. at 570; *In re O'Brien*, 110 B.R. at 32-33. His weekly certifications that he was unemployed and not receiving wages when, in fact, he was, permits an inference of intent to deceive. *See In re Winston*, 114 B.R. at 570; *In re O'Brien*, 110 B.R. at 32-33; *In re Kaliff*, 2 B.R. 465, 468 (Bankr. D. Ariz. 1979). The fact that the Department continued to pay benefits demonstrates the Department's actual and reasonable reliance on Mr. Sanderson's representations. *See Ohio Dep't of Job & Family Servs. v. Yuppa (In re Yuppa)*, Ch. 7 Case No. 12-31619, Adv. No. 12-3236, 2013 WL 4854479, at *4 (Bankr. S.D. Ohio 2013); *In re Winston*, 114 B.R. at 570; *In re O'Brien*, 110 B.R. at 32-33. Accordingly, all of the elements are present and, as a result, the actual amount of the overpaid unemployment benefits as well as the accrued interest are excepted from discharge as to Mr. Sanderson pursuant to section 523(a)(2)(A). *In re Yuppa*, 2013 WL 4854479, at *4; *In re Winston*, 114 B.R. at 570 (citing *In re Hatcher*, 111 B.R. 696 (Bankr. N.D. Ill. 1990)); *In re O'Brien*, 110 B.R. at 32-33; *In re Jones*, 37 B.R. 195 (Bankr. E.D. Mo. 1984); *In re Berry*, 3 B.R. 430 (Bankr. D. Or. 1980).

    B.    <u>11 U.S.C. § 523(a)(7)</u>

Section 523(a)(7) excepts from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." In *Kelly v. Robinson*, the Supreme Court observed that "[o]n its face, [section

8

523(a)(7)] creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures. Congress included two qualifying phrases; the fines must be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss.' . . . Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose." 479 U.S. 36, 41, 51, 107 S. Ct. 353, 362, 93 L. Ed. 2d 216 (1986). *Kelly* stands for the proposition that obligations that are primarily penal in nature are excepted from discharge, regardless of whether the obligation is labeled a "fine, penalty, or forfeiture." *In re O'Brien*, 110 B.R. at 33 (citing *Pioneer Gen. Ins. Co. v. Midkiff (In re Midkiff)*, 86 B.R. 239, 243 (Bankr. D. Colo. 1988)).

Although the *Kelly* decision was issued in the context of a restitution order in a criminal case, its holding has been applied to punitive obligations in non-criminal contexts as well, including statutory penalties assessed against those who fraudulently received state unemployment benefits. *See In re O'Brien*, 110 B.R. at 33; *cf. Kelly*, 479 U.S. at 51 n.13, 107 S. Ct. at 362 n.13 (noting that the main purpose of the language "compensation for actual pecuniary loss" was to prevent section 523(a)(7) from being applied to tax penalties) (citing S. Rep. No. 95-989 p. 79, U.S. Code Cong. & Admin. News

1978, p. 5865). In the case at bar, the penalties were assessed pursuant to Minn. Stat. § 268.18, which provides in relevant part:

> **Subd. 2. Overpayment because of fraud.** (a) Any applicant who receives unemployment benefits by knowingly misrepresenting, misstating, or failing to disclose any material fact, or who makes a false statement or representation without a good faith belief as to the correctness of the statement or representation, has committed fraud. After the discovery of facts indicating fraud, the commissioner must make a determination that the applicant obtained unemployment benefits by fraud and that the applicant must promptly repay the unemployment benefits to the trust fund. *In addition, the commissioner must assess a penalty equal to 40 percent of the amount fraudulently obtained. This penalty is in addition to penalties under section 268.182.* The determination is effective the Sunday of the week that it was issued.

Minn. Stat. § 268.18 (2013) (emphasis added). Although the Minnesota statute has not been interpreted in any reported decision in the context of section 523(a)(7), it is clear from the statute's plain language that the purpose of the penalty is to punish fraud, not to compensate the State of Minnesota for an "actual pecuniary loss." *Accord In re O'Brien*, 110 B.R. at 33 (Bankr. D. Colo. 1990) (citing *Kelly* for the proposition that penalties assessed under Colorado law for overpaid unemployment benefits obtained by fraud were penal in nature and were therefore excepted from discharge by section 523(a)(7)). As such, the penalty assessed by the Department for the overpaid unemployment benefits received by Mr. Sanderson is excepted from discharge under section 523(a)(7).

Dischargeability of the Filing Fee

In light of the foregoing, the remaining question for decision is whether the Department is entitled to a determination that the $293 filing fee it paid to initiate this adversary proceeding is nondischargeable.

With two exceptions, the "American Rule" prevents a prevailing litigant in federal litigation from recovering his attorney's fees from his opponent.[2] *In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997). A prevailing litigant may recover his fees, however, if such a recovery is authorized by statute or permitted by an enforceable contract between the parties. *Id.* (noting that recovery is permitted if authorized by federal statute or enforceable contract); *Busch v. Hancock (In re Busch)*, 369 B.R. 614, 624, 625 (B.A.P. 10th Cir. 2007) (holding that attorney's fees can be recovered in a nondischargeability action if authorized by state statute) (citing *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007)); *cf. Cohen v. De La Cruz*, 523 U.S. 213, 223, 118 S. Ct. 1212, 140 L. Ed. 2d 341 (1998) (not analyzing the American Rule, but holding that award of treble damages and attorney's fees and costs made pursuant to state statute was nondischargeable along with underlying debt).

In the context of the recovery of filing fees, there are no reported decisions that directly address whether the American Rule applies. The

---

[2] The "American Rule" applies to litigation in bankruptcy. *In re Sheridan*, 105 F.3d at 1166 (citing *In re Reid*, 854 F.2d 156, 161-62 (7th Cir. 1988); *In re Fox*, 725 F.2d 661, 662 (11th Cir. 1984)).

11

rationale that permits the recovery of attorney's fees, however, may be extended logically to permit the recovery of filing fees. Indeed, the cases give no indication that filing fees and other costs should be analyzed differently than attorney's fees, and this Court can conceive of no reason to do so. If the recovery of attorney's fees is permitted in a nondischargeability action when authorized by statute or contract, it seems entirely appropriate to permit the recovery of filing fees when authorized by statute or contract. *See* Robert E. Ginsberg, Robert D. Martin & Susan V. Kelley, *Ginsberg & Martin on Bankruptcy* § 11.07[f] (5th ed. 2013); *cf. In re Busch*, 369 B.R. at 625.

In the present case, the Department has identified a Minnesota statute that authorizes the recovery of court fees incurred by the state in the course of collecting overpaid unemployment benefits. Section 268.18, subd. 4a(a), Minn. Stats., provides:

> **Subd. 4a. Court fees; collection fees.** (a) If the commissioner is required to pay any court fees in an attempt to enforce collection of overpaid unemployment benefits, penalties, or interest, the commissioner may add the amount of the court fees to the total amount due.

There appear to be no bankruptcy cases from Minnesota or the Eighth Circuit that analyze Minn. Stat. § 268.18 in the context of a nondischargeability proceeding. However, it seems clear that such an adversary proceeding is an "attempt to enforce collection." As a result, the filing fee paid to commence this proceeding is a fee that the Department is authorized by the statute to recover.

Because the recovery of the fee is authorized by Minn. Stat. § 268.18, it meets an exception to the American Rule and will be excepted as to Mr. Sanderson because the underlying debt is also nondischargeable as to him. This result is consistent with a number of reported cases which, although they do not contain an analysis of the applicability of the American Rule, have excepted a prevailing creditor's adversary proceeding filing fee from discharge when the underlying debt was determined to be nondischargeable. *See, e.g., Alford v. Cassel (In re Cassel)*, 322 B.R. 363, 377 (Bankr. C.D. Ill. 2005); *Attorney Registration & Disciplinary Comm'n v. Betts (In re Betts)*, 149 B.R. 891, 898 (Bankr. N.D. Ill. 1993); *Attorney Registration & Disciplinary Comm'n v. Lewis (In re Lewis)*, 151 B.R. 200, 203 (Bankr. C.D. Ill. 1992); *Bd. of Attorneys Prof'l Responsibility v. Haberman (In re Haberman)*, 137 B.R. 292, 296 (Bankr. E.D. Wis. 1992); *Supercom, Inc. v. Levitsky (In re Levitsky)*, 137 B.R. 288, 292 (Bankr. E.D. Wis. 1992).

## CONCLUSION

Summary judgment is GRANTED in favor of the Department and against Mr. Sanderson. The actual amount of the overpaid unemployment benefits, the interest, penalties, and the adversary proceeding filing fee are all excepted from discharge as to Mr. Sanderson. Mrs. Sanderson was not a defendant in this action and thus no claim of nondischargeability was asserted against her. Accordingly, the debt is dischargeable with respect to Mrs. Sanderson to the extent she might have borne any obligation for it.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order and judgment consistent with this decision will be entered.

Dated: April 11, 2014

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge